IN THE UNITED STATES DISTRICT COURT
FOR THE NORHTERN DISTRICT OF ILLINIOIS
EASTERN DIVISION

=================================X

| | |
|---|---|
| XYZ CORPORATION, | DEFENDANT KREATIVEKIDSBEDDING'S ANSWER WITH COUNTER CLAIM |
| Plaintiff, | |
| -against- | Case No. 1:20-cv-07418 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A | |
| Defendants. | |

==============================X

Defendant, KREATIVEKIDSBEDDING ("Answering Defendant") answers the allegations contained in Plaintiff's Complaint as follows:

1. Answering Defendant denies the allegations contained in paragraphs, 1-3, 13-25, 27-35, 37-44, 46-48 and 50-59 of Plaintiff's Complaint.

2. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs of 4-12 Plaintiff's Complaint.

3. Answering Defendant repeats all responses to the allegations reiterated in paragraphs 26, 36, 45 and 49 Plaintiff's Complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE:
STATUTE OF LIMITATIONS

4. The allegations against the Answering Defendant in Plaintiff's Complaint are barred by the Statute of Limitations which expired prior to their assertion herein.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:
## DOCTRINE OF LACHES

5. The allegations against the Answering Defendant in Plaintiff's Complaint are barred by the doctrine of laches because Plaintiff was aware of the bases for those allegations for a sufficient period of time without taking action as to validate and/or confirm their propriety.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:
## DOCTRINE OF ESTOPPEL AND ACQUIESCENCE

6. Plaintiff previously consented to the Answering Defendant's actions of which it now complains, and the Answering Defendant relied upon that consent.

7. Due, *inter alia*, to the fact that Plaintiff is now asserting claims against Answering Defendant based upon Answering Defendant's good faith reliance on the aforementioned consent, Answering Defendant's reliance on that consent was detrimental to its interests.

8. Therefore, Plaintiff is estopped from asserting the claims in its Complaint against the Answering Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:
## PRIOR DOWNSTREAM OR IMPLIED LICENSE

9. Plaintiff's claims against the Answering Defendant are barred because, *inter alia*, Plaintiff previously consented to the actions or omissions complained of by continuing to provide and/or otherwise make its products available to the Answering Defendant and/or its distributors after becoming aware of the Answering Defendant's sale thereof.

## AS AND FOR A FIRST COUNTER CLAIM TO WHICH A RESPONSE IS DEMANDED:
## CONCURRENT USE UNDER 15 U.S.C. 15 U.S.C. §1115(b)

10. The Answering Defendant demands Plaintiff interpose a response to the following allegations.

11. Upon information and belief, Plaintiff's registration and/or alleged incontestable right to use the mark in question was fraudulently obtained.

12. Upon information and belief, Plaintiff's registration and/or alleged incontestable right to use the mark(s) in question was abandoned

13. Upon information and belief, Plaintiff's use of the mark in question is and/or has been used by Plaintiff to misrepresent the source of the goods or services in connection with which it has and/or is being used.

14. Answering Defendant's use of the subject mark(s) was descriptive of and used fairly and in good faith only to describe the Answering Defendant's goods or services or their geographic origin.

15. The mark(s) that Plaintiff alleges the Answering Defendant's use of which constituted infringement is functional.

Wherefore, based upon the foregoing, the Answering Defendant prays an Order be entered:

    (a)    Dismissing Plaintiff's Complaint in its entirety;

    (b)    Granting the Answering Defendant the costs, fees and expenses incurred defending this matter;

    (c)    Granting Plaintiff compensatory, statutory and punitive damages on its Counter Claim and;

**Intentionally Blank**

    (d)    Granting the Answering Defendant all other appropriate relief.

Dated: February 15, 2021
         Hancock, NY

/s Cory Jay ("CJ") Rosenbaum, Esq.
Rosenbaum, Famularo & Segall, P.C.
Attorneys for Defendant
KREATIVEKIDSBEDDING
138 A East Park Avenue
Long Beach, New York 11561
(212) 256-1109
CJR@AmazonSellersLawyer.com
NYS Bar #: 266193
Admitted to N. Dist. of Il.: 2/2/18