IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOIS
EASTERN DIVISION

=============================X
VIACOM INTERNATIONAL INC.

          Plaintiff,

  -against-                            Case No. 1:20-cv-07418

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

          Defendants.
=============================X

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN ORDER GRANTING IT DAMAGES AND LEGAL FEES PURSUANT FRCP §65(C) AND THE LANHAM ACT 15 U.S.C. §l 117(a)**

# TABLE OF CONTENTS

Table of Authorities…....………………………………………………………………............3

Introduction…………………………………………………………..……………………….4

Statement of Facts………………………………………………………………………………4

Argument:

I. Plaintiff is entitled to damages for wrongful enjoinment pursuant to Fed. R. Civ. P. 65(c)……6

    A. Movant Has Been *De Jure* Wrongfully Enjoined…………………………………...6

    B. Movant Has Been *De Facto* Wrongfully Enjoined………..…………………………...7

    C. Movant's Damages Should Not Be Capped At The Bonded Amount…….…………...8

II. Movant Is Entitled To An Award Of Legal Fees……………....…………..….………….......11

    A. Movant Is Entitled To Legal Fees Pursuant To 15 U. S. C. §1117(a)……...……........11

        i. This action is exceptional based upon the totality of the circumstances………12

        ii. The circumstances of this case demonstrate the need to advance considerations of compensation and deterrence………………….…………....…12

            a. Cases in which the plaintiff can offer no support at all for its claims should be deterred.....……………………………………........……12

            b. Victims Of Frivolous Claims Should Be Compensated For The Costs Of Defending Them In An Amount To Be Determined By The Court…………...…………………………………………………..…..12

    B. Movant Is Entitled To Legal Fees Because Plaintiff Has Acted In Bad Faith…...……..13

III. CONCLUSION…………………………………...……………………………………….14

# TABLE OF AUTHORITIES

Cases

*Alyeska Pipeline Service Co. v. Wilderness Society*,
421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)……………………………….…….9

*B.G. Soft LTD v. BG Soft International, Inc.*,
01-cv-17, 2002 WL 1467744 (E.D.N.Y. 2002)…………………………………………...6

*Coyne-Delany Co. v. Capital Development Board*,
717 F.2d 385 (7th Cir. 1983)...…………………………………………………………....6, 7

*Diginet, Inc. v. Western Union ATS, Inc.*,
958 F.2d 1388, 1394 (7th Cir. 1992)…………..…………………………………..……6

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517, 534 n.19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)………………………………11

*Mary v. Ramsden*,
635 F.2d 590 (7th Cir.1980)……………………………………………………………..9

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
572 U.S. 545, 134 S. Ct. 1749, 188 L.Ed.2d 816 (2014)…..……………………………………11

*Overnite Transport. Co. v. Chicago Industrial Tire Co.*,
697 F.2d 789 (7th Cir. 1983)……………………………………………...………..10

*Perichak v. International Union of Electrical Radio Machine Workers*,
715 F.2d 78 at 83, 85 (3d Cir. 1983)……………………………………………………...9

*Smart Study Co. v. Bichha123*,
20-cv-7889 (JSR) (S.D.N.Y. Dec. 7, 2020)…………………………..…………………...6

*Triumph v. Ward*,
Case No. 11 C 7927 (N.D. Ill. Dec. 2011)……………………...…………………………7

Statutes

Fed. R. Civ. Pro. §65(c)……………….…………………………………..…4, 6, 7

15 U. S. C. §1117(a)…………………………………………………..……………....4,

**INTRODUCTION**

Pursuant to and in accordance with the Federal Rules of Civil Procedure, Defendant Kreative Kidz, LLC ("Movant") submits this Memorandum of Law in support of its motion for an award of damages and legal fees pursuant to Federal Rule of Civil Procedure 65(c) and the Lanham Act, 15 U.S.C. §1117(a).

**STATEMENT OF FACTS**

Plaintiff's claims against Movant in this matter are based on, *inter alia*, allegations of trademark infringement in violation of the Lanham Act.[1] Prior to serving the Complaint, Plaintiff obtained, *ex parte*, a Temporary Restraining Order ("TRO") freezing Movant's account on amazon.com and prohibiting it from selling goods bearing Plaintiff's protected images on Movant's other internet storefronts.[2] In its Complaint and its application for the TRO, Plaintiff asserted numerous claims that are completely inapplicable relative to Movant, rendering them false for purposes of the instant application.

Among other things, Plaintiff alleged that Movant is a foreign business entity with no assets or presence here in the United States other than its internet presence, including its amazon.com merchant storefront.[3] Plaintiff also averred that if given notice of the action before being enjoined, Movant would abscond with whatever meager assets it has in America, thereby escaping justice and the Court's jurisdiction. The only support Plaintiff has proffered for these allegations are rank speculation and broad, generalized claims purportedly based on news reports and white papers related to counterfeiting, none of which are relevant to Movant.[4]

In truth, Movant is an LLC with substantial assets and a principal place of business in

---

[1] See Exhibit A-Plaintiff's Complaint
[2] See Exhibit B-Temporary Restraining Order
[3] See Exhibit A-Plaintiff's Complaint
[4] Id.

New York.[5] It has nothing in common, nor any relationship with most, if not all of its Co-Defendants nor does it bear any resemblance to the caricature painted by Plaintiff, all of whose allegations against Movant are patently false. Not only isn't Movant a nefarious, foreign entity, but Plaintiff's claims that Movant violated the Lanham Act are equally false.

Plaintiff's claims regarding Movant's alleged violation of Plaintiff's intellectual property rights were premised entirely on Movant's listing of a children's bedding set bearing images of the Teenage Mutant Ninja Turtles ("TMNT" and "the products at issue"), which Movant freely admits is protected by Plaintiff's trademark. In fact, as Plaintiff independently confirmed after filing suit and having Movant enjoined from doing business, Movant purchased the products at issue from authorized distributors of Plaintiff's products. It then listed them for re-sale on amazon.com and other internet storefronts in compliance with the First Sale Doctrine.[6]

Upon information and belief, prior to filing suit against Movant, Plaintiff performed no due diligence to determine the truth of its allegations against Movant, the validity of its claims or the authenticity of the product at issue. Plaintiff did not make a "test buy" of the product in question from Movant to assess its authenticity. Nor did Plaintiff perform even a perfunctory investigation of Movant before claiming it was a Chinese business conspiring with others like it to violate Plaintiff's intellectual property rights.

Had Plaintiff done either of these things before hauling Movant into Federal Court, it would have easily ascertained that Movant is a domestic LLC with a principal place of business in New York. And, that it deals only in authentic products as opposed to being a shady Chinese counterfeiter selling cheap knockoffs. In fact, when Movant rejected Plaintiff's demand for a mere two thousand five hundred dollars to settle the case and advised Plaintiff that the products

---

[5] See Exhibit C-Defendant's Declaration and Exhibit D-Identifying Information
[6] See Exhibit D-Identifying Information

at issue were authentic, Plaintiff's counsel was able to confirm this claim in less than forty eight hours by reviewing information that was already in its possession.[7]

After Movant interposed its Answer and provided Plaintiff with proof the product at issue was authentic, which Plaintiff independently verified, it immediately dismissed its claims against Movant.[8]

## ARGUMENT

### I. Plaintiff is entitled to damages for wrongful enjoinment pursuant to Fed. R. Civ. P. 65(c)

There is no dispute that a party, such as Movant, is entitled to compensatory damages for the harm sustained due to being wrongfully enjoined at the behest of an adversary, such as Plaintiff. *Diginet, Inc. v. Western Union ATS, Inc.*, 958 F.2d 1388, 1394 (7th Cir. 1992); *Coyne-Delany Co. v. Capital Development Board*, 717 F.2d 385, 393-94 (7th Cir. 1983).

#### A. Movant Has Been *De Jure* Wrongfully Enjoined

It is respectfully submitted that this Court should adopt the reasoning applied by its sister Courts in the Eastern and Southern Districts of New York addressing facts substantively identical to those at bar. Those Courts held that plaintiffs should not be allowed to escape Rule 65(c) liability for wrongful enjoinment by abandoning their claims before the enjoined party can even conduct discovery, much less prove its case on the merits.

In *Smart Study Co. v. Bichha123*, 20-cv-7889 (JSR) (S.D.N.Y. Dec. 7, 2020), Judge Rakoff held that "…when the issuance of a TRO is followed by the plaintiff's prompt voluntary withdrawal of the complaint as to a given defendant (other than as part of a settlement), that withdrawal establishes as a matter of law that the defendant was wrongfully enjoined."

In *B.G. Soft LTD v. BG Soft International, Inc.*, 01-cv-17, 2002 WL 1467744 (E.D.N.Y.

---
[7] See Exhibit F-Settlement Email
[8] See Exhibit E-Notice of Voluntary Dismissal

6

2002) the court held that:

> "Although there has been no determination, after a full hearing on the merits, that the defendants had at all times the right to distribute and sell the product at issue, they were deprived of that opportunity by the plaintiff's abandonment of the action. The plaintiff should not be able to escape liability under the bond by its own default."

Here, Plaintiff did exactly what the courts decried in *Smart Study* and *B.G. Soft LTD*: After making baseless claims against the defendants and convincing the respective courts to enjoin them from doing business, the plaintiffs abandoned their cases as soon as their allegations were challenged. Under these circumstances, basic fairness dictates that Movant should not be required to prove that it was wrongfully enjoined. Instead, Plaintiff should be held liable to Movant as a matter of law.

## B. Movant Has Been *De Facto* Wrongfully Enjoined

Plaintiff's statements and actions after the TRO was issued make it abundantly clear that it was patently improper for Movant to be restrained from conducting business as it otherwise had the right to do. Instead of contesting Movant's demand that the case be dismissed against it, Plaintiff immediately capitulated, confirmed in writing that the products at issue were authentic and implicitly conceded Movant had every right to buy and sell them pursuant to the First Sale Doctrine. The only reasonable conclusion to be drawn is that Plaintiff was completely unable to defend its position or, justify its claims under even the slightest scrutiny. Since the TRO was premised on those same indefensible claims, it is only reasonable to conclude that the injunction never should have been issued.

In *Triumph v. Ward*, No. :11 C 7927 (N.D. Ill. Dec. 22, 2011) this Court recited the circumstances in which an enjoined party is entitled to damages under Rule 65(C):

7

> "'a prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case.'" *Coyne-Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois,* 717 F.2d 385, 391 (7th Cir. 1983). Such a rule "makes the law more predictable and discourages the seeking of preliminary injunctions on flimsy (though not necessarily frivolous) grounds."…In deciding whether to award injunction damages, district courts are guided by the "implicit presumption" in Federal Rule of Civil Procedure ("Rule") 65(c) of awarding them…Additionally, the court should consider, among other factors, the resources of the parties, the defendant's efforts or lack thereof to mitigate his damages, and the outcome of the underlying suit…District courts may not deny costs and damages on an injunction bond on the grounds that the plaintiff brought the suit in good faith.

Here, there is simply nothing Plaintiff can offer in opposition that could overcome the implications of its actions. Therefore, there is no "good reason" to deny Movant the relief it seeks. In fact, as is set forth in greater detail below, Plaintiff's claims against Movant weren't just flimsy, they were frivolous and made in bad faith. However, it is unnecessary to reach that issue. Yet.

It is sufficient for this aspect of the Court's determination that: a) Plaintiff (Viacomm) is a multi-billion dollar business with vastly greater resources than Movant; b) Movant acted immediately to mitigate its damages by seeking relief from the TRO upon learning it had been issued; and c) While Movant was unable to prevail on the merits, it was only prevented from doing so by Plaintiff's voluntary dismissal of the case against it. Therefore, under the test set out by the 7th Circuit in *Coyne-Delany Co., Inc.* there is simply no credible argument to be made against awarding Movant damages pursuant to Rule 65(C).

### C. Movant's Damages Should Not Be Capped At The Bonded Amount

As noted above, Plaintiff's claims against Movant were not just "flimsy" they were frivolous and made in bad faith. So, Movant's recovery should not be limited to the bonded

amount and is instead entitled to reimbursement for the full amount it lost due to being wrongfully enjoined.

Based upon its voluntary dismissal of the case against Movant and its actions leading thereto, the only credible conclusion to be reached is that Plaintiff performed no due diligence at all before filing suit against Movant. Had it done so, Plaintiff would have reached the same conclusions about Movant before filing suit that it did *after* its claims were challenged. As soon as Movant put up the slightest resistance, Plaintiff immediately verified that the products at issue were authentic and that Movant obtained them from an authorized source.

If, instead of rushing to sue Movant, Plaintiff conducted a simple test buy or just sent a single cease and desist letter it would have determined pre-suit that Movant was a reputable seller of authentic products against whom Plaintiff's claims were baseless. Unfortunately, instead of engaging in these most basic efforts to avoid making false allegations and filing frivolous claims, Plaintiff not only sued Movant but in the course of doing so made wild and salacious claims about it.

If Plaintiff performed a simple internet search or made a single telephone call, it would have determined that Movant is not a nefarious Chinese business entity engaged in a vast conspiracy with its Co-Defendants to produce and sell counterfeit goods on a massive scale. Instead, Plaintiff would have learned that Movant is a well-established, reputable small business owned by a single mother living in New York and putting two children through college with the money she earns selling authentic children's bedding including the products at issue. This failure to make even a token effort to confirm the accuracy of its allegations blatantly violates the rules against filing frivolous claims and is by any measure "bad faith".

The 7th Circuit has held that "bad faith" is demonstrated when a party brings "a frivolous suit — frivolousness connoting not just a lack of merit but so great a lack as to suggest that the suit must have been brought to harass rather than to win." *Coyne-Delany Co.*, *supra, citing Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Overnite Transport. Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789 (7th Cir. 1983); *Mary v. Ramsden*, 635 F.2d 590, 603 (7th Cir. 1980); *Perichak v. International Union of Electrical Radio Machine Workers*, 715 F.2d 78 at 83, 85 (3d Cir. 1983).

Here, everything Plaintiff did supports a finding that it intended to harass Movant rather than prevail over it on the merits of well-founded claims. First, it made no effort at all to verify its allegations against Movant before making them. Not a phone call. Not a cease and desist letter. Not a google search. Nothing.

Second, the nature of those allegations were such that they constitute accusations not just of civil wrongs but of criminality which justice requires be made only after substantive efforts to confirm their truth. Third, Plaintiff had Movant enjoined despite the fact that none of the allegations made in support of its application for the TRO applied to Movant. Contrary to what Plaintiff averred to this Court, Movant is not a foreign business entity with no assets or connections to the United States beyond an untraceable internet storefront. Nor is it likely to abscond with its ill-gotten gains, the profits from its counterfeiting conspiracy back to whence it came. This last is especially unlikely since Plaintiff has never had any proof that Movant sold counterfeit goods and from whence Movant came is upstate New York.

Literally nothing Plaintiff has alleged about Movant in this matter is true. It neither listed nor sold counterfeit goods. It is not a foreign business entity. It is not without assets in the United States. It is a legally formed and operated, domestic LLC with its principal (and only) place of

business in New York. It has no relation to, much less is it in conspiracy with, whatever actual Chinese counterfeiters there may be among its Co-Defendants.

To make matters worse, it would have taken minutes, not hours, for Plaintiff to determine that not a single one of its allegations against Movant was true. On the contrary, instead of making any effort at all to determine the truth of its claims, Plaintiff chose to engage in scorched earth litigation intended to put Movant out of business. In doing so, Plaintiff made salacious, defamatory accusations to induce this Court to enjoin Movant when it knew, or at the very least should have known that not a single one of those accusations was true. This clearly meets the standard for "bad faith" laid down in *Coyne-Delany Co.*, *supra* thereby entitling Movant to damages in excess of the bonded amount. For the same reasons, Movant is entitled to be reimbursed for the legal fees it incurred in defending against Plaintiff's frivolous claims and seeking the damages Plaintiff has caused it to incur.

## II. Movant Is Entitled To An Award Of Legal Fees

Movant has a both a statutory and common law right to recover the legal fees it has incurred in this matter.

### A. Movant Is Entitled To Legal Fees Pursuant To 15 U. S. C. §1117(a)

Plaintiff should be directed to pay the legal fees incurred by Movant in defense of this action pursuant to 15 U. S. C. §1117(a) as it is an "exceptional case" pursuant to the United States Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 188 L.Ed.2d 816 (2014). There, the Court held that:

> ''an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. The Court encouraged district courts considering the question to evaluate the totality of the circumstances, considering a wide

variety of factors, including ''frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 554 quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

### i. This action is exceptional based upon the totality of the circumstances

It is respectfully submitted that based upon any reasonable, objective evaluation of the circumstances of this matter as they relate to Movant, it is "exceptional" in that it stands out from other cases of the same type, for numerous reasons set forth in detail above.

Plaintiff's inability to offer even token resistance before voluntarily dismissing its claims against Movant is proof that it made no effort whatever to verify that those claims were even remotely justified. Movant compounded its malfeasance in filing its frivolous claims against Plaintiff by repeating them, coupled with even more wild, unsupported allegations in having Movant wrongfully enjoined. And, that wrongful enjoinment by itself is sufficient to set this case apart from others of its sort.

### ii. The circumstances of this case demonstrate the need to advance considerations of compensation and deterrence

Claims such as Plaintiff's against Movant are, by any definition, "exceptional" as they have no factual or legal basis and must therefore be deterred. In addition, Movant was caused to suffer hundreds of thousands of dollars in damages and tens of thousands in legal fees for which it is entitled to compensation.

### a. Cases In Which Plaintiff Cannot Support Its Claims Should Be Deterred

Simply put, Plaintiff never should have sued Movant. There is absolutely nothing in the record to support any of the claims against Movant in the Complaint or the application for the TRO, meaning they're not just exceptional, but frivolous. It's more than reasonable to conclude

that if this weren't the case, Plaintiff would have pursued the action when Movant contested its claims instead of immediately dismissing them instead of voluntarily dismissing them.

Litigating in this manner is a complete waste of judicial resources and an unjust abuse of the legal process. It is respectfully submitted that the Court should not countenance frivolous lawsuits such as this, which must be deterred at every opportunity. For the same reasons, Movant should be compensated for the resources it was forced to expend defending itself against Plaintiff's frivolous claims.

### b. Victims Of Frivolous Claims Should Be Compensated For The Costs Of Defending Them

Given ample opportunity, Plaintiff could offer nothing to justify dragging Movant into federal court, causing it to incur tens of thousands of dollars in fees and hundreds of thousands in damages. It is no accident that none of Plaintiff's allegations against Movant had any basis at all.

Movant has spent decades and many thousands of dollars building a successful business, complying with the law and selling only authentic products. Contrary to Plaintiff's allegations, Movant is a respected, well established and successful domestic business based right here in the United States of America. At all times, Movant has made every effort to ensure that it complied with the law and never violated the intellectual property rights of Plaintiff or any other entity. So, there is simply no justification for Plaintiff's libelous allegations against Movant.

Since Plaintiff's claims never should have been asserted, Movant never should have incurred hundreds of thousands of dollars in damages and been forced to pay tens of thousands of dollars in legal fees to defend itself against them. That it was forced to do so because Plaintiff couldn't be bothered to verify its allegations is inherently unfair.

Therefore, in addition to the damages for being wrongfully enjoined, Movant is entitled to be reimbursed for the legal fees it has incurred defending itself against Plaintiff's patently frivolous claims. This award should of course include the fees incurred in every aspect of the defense of the case including this motion. Therefore, Movant submits that the amount of the award should be calculated upon the resolution of this application in Plaintiff's favor so as to include fees incurred replying to Plaintiff's opposition and/or appearing for oral argument.

### B. Movant Is Entitled To Legal Fees Because Plaintiff Has Acted In Bad Faith

For the same reasons (set forth above) that Movant is entitled to damages, it is entitled to legal fees:

> "In the absence of statute, an award of attorney's fees is proper only where the losing party has been guilty of bad faith, as by bringing a frivolous suit — frivolousness connoting not just a lack of merit but so great a lack as to suggest that the suit must have been brought to harass rather than to win. *Coyne-Delany Co. v. Capital Development Board*, 717 F.2d 385, 390 (7th Cir. 1983) (citations omitted).

Therefore, should the Court conclude that Movant is not entitled to legal fees pursuant to the Lanham Act, Plaintiff should still be ordered to make Movant whole because the former acted in bad faith at every turn.

### III. CONCLUSION

For the reasons set forth above, Movant requests that an Order be entered awarding it legal fees in an amount to be determined upon the resolution of this motion and all other

(THIS SPACE INTENTIONALLY LEFT BLANK)

appropriate relief.

Dated: March 17, 2021
Long Beach, New York

Respectfully Submitted,
/s/Cory Rosenbaum
Rosenbaum, Famularo & Segall, P.C.
138A East Park Avenue
Long Beach, New York 11561
212.321.5080
cjr@amazonsellerslawyer.com