IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOIS
EASTERN DIVISION

===============================X
XYZ CORPORATION

              Plaintiff,

  -against-                         Case No. 1:20-cv-07418

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

              Defendants.
===============================X

**DEFENDANT'S MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR DAMAGES AND LEGAL FEES PURSUANT FRCP §65(C) AND THE LANHAM ACT 15 U.S.C. §l 117(a)**

**INTRODUCTION**

Defendant Kreative Kidz, LLC ("Movant") submits this Memorandum in reply to Plaintiff's opposition to its motion for an award of damages and legal fees pursuant to Federal Rule of Civil Procedure 65(c) and the Lanham Act, 15 U.S.C. §1117(a).

**Argument**

**Point I**

**Plaintiff Is Entitled To Damages And Legal Fees Pursuant to F.R.C.P. 65(c)**

**A. At All Relevant Times Plaintiff Acted Unreasonably And In Bad Faith**

Contrary to its stated intent, Plaintiff's opposition actually supports the conclusion that it acted in bad faith by suing Movant without conducting any meaningful due diligence. Perhaps most glaring in this regard are the claims of Plaintiff's purported expert investigator Paul Varley.

Mr. Varley admits that Plaintiff's purported due diligence did not include a simple test buy from Movant before accusing it of being part of an international ring of counterfeiters. According to Plaintiff, this omission is reasonable because conducting this basic investigatory act would have yielded no relevant information. In fact, had Plaintiff made a simple test buy it would have learned immediately that Movant is an American business and the goods it sells are one hundred percent authentic.

As set forth in the attached declaration of its principal, Movant has never drop shipped Viacom products nor does it use Amazon's fulfillment services.[1] Therefore, contrary to Plaintiff's expert investigator, a test buy would have revealed Movant's identity and its location because Movant ships its products directly. Plaintiff's own exhibit confirms this as it clearly says the product "Ships and is sold by Kreativekidsbedding" not "fulfilled by Amazon" or "shipped

---

[1] See Exhibit A.

by Amazon" which is what it would say if Mr. Varley were telling the truth.[2]

Mr. Varley also claims that Plaintiff was identified as a counterfeiter because the product it listed for sale did not bear the Nickelodeon branding. However, even a cursory glimpse of the product clearly shows this is false.[3] Also false is Mr. Varley's claim that Movant uses "digitally augmented images of the various branded products".[4]

Perhaps most glaring is Mr. Varley's admission that Plaintiff failed to check Movant's Amazon Storefront for identifying information. As was widely reported, Amazon required all of its sellers to list that information beginning on September 1, 2020, more than three months before filing suit against Movant.[5] In fact, it's difficult to determine which is more damaging, Plaintiff's failure to check for this information before accusing Movant of being in international criminal or Mr. Varley's admission that he and his crack team of internet sleuths were unaware of this highly publicized change in Amazon's rules.

These statements by Plaintiff's own investigator prove that Plaintiff acted in bad faith by suing Movant without conducting even the most basic due diligence like looking at Plaintiff's Amazon Storefront or conducting a test buy of the allegedly counterfeit product.

### B. Movant Was Wrongfully Enjoined

At the outset, the Court is respectfully referred to Movant's Memorandum of Law supporting its contention that the Court should adopt the approach taken by the District Courts for the Southern and Eastern Districts of New York. However, should the Court decide otherwise, there is more than ample proof available to support the determination that the injunction should never have been issued.

---

[2] See Exhibit 1 to the Declaration of Paul Varley
[3] See Exhibit B.
[4] See Exhibit A.
[5] See Exhibit C.

As noted above, Mr. Varley has confirmed that Plaintiff conducted essentially no due diligence at all before filing suit against Movant. What few factors he does cite are general and clearly insufficient to underpin an application for an injunction. Representative of these are his contention that having a lot of products listed for sale. Perhaps most notable in this regard is his claim that it was reasonable to name Movant an international counterfeiter because it does "not conduct business with Viacom and [does] not have the right or authority to use the TMNT Trademarks for any reason."[6]

As the Court is aware, the First Sale Doctrine empowers parties like Movant to re-sell trademarked goods without the rights owner's permission. In fact, despite their claims to the contrary, Plaintiff's counsel clearly stated during discussions about this matter that its voluntary dismissal was premised on its confirmation of the authenticity of the goods in question. Therefore, Plaintiff has clearly failed to rebut Movant's showing of entitlement to damages and fees pursuant to Rule 65(c).

## Point II

## Movant Should Be Treated As A Prevailing Party

Should the Court determine that Movant is not a prevailing party for purposes of its claim under the Lanham Act, the Court should extend the reasoning of its fellows in the Southern and Eastern Districts of New York. As those Courts have held, Plaintiff should not be allowed to escape the consequences of its bad faith and lack of due diligence by voluntarily dismissing this matter. By virtue of its decision to fold up its tent at the first sign of opposition, Plaintiff has essentially confirmed that it is incapable of proving its claims or even of making a good faith showing in support of them. The Lanham Act was intended to provide an avenue for recovery to

---

[6] See Exhibit 1 to the Declaration of Paul Varley at paragraph 5.

those wrongfully victimized by frivolous claims such as those at issue here. Therefore, Plaintiff should not be allowed to frustrate the intent of the drafters of that legislation to Movant's detriment.

### Point III

### Plaintiff Has Failed To Overcome Movant's Showing Of Entitlement Sufficiently To Warrant Further Reply

In the interest of judicial economy, Movant respectfully refers the Court to its original Memorandum of Law for the arguments and authorities rebutting Plaintiff's opposition. That opposition consists of largely irrelevant, often false statements of fact and inapposite conclusions on the issues of law.

Plaintiff conducted no substantive investigation into Movant or its products before including it in this lawsuit. As Mr. Varley's Declaration makes clear, Plaintiff relied on factors that either didn't relate to Movant or were irrelevant. In more than one instance, Plaintiff's claims have been shown to be patently false and wholly unreliable.

Based upon the totality of the circumstances, this is an exceptional case in which an award of damages and legal fees is warranted under both Rule 65(c) and the Lanham Act. Every factor, from the wildly disproportionate financial resources possessed by Plaintiff and Movant, respectively to the rampant disregard for accuracy in Plaintiff's allegations cuts in favor of awarding Movant the relief sought.

Not only should Movant be compensated for the extensive financial harm it has incurred as the result of Plaintiff's lack of due diligence but Plaintiff should be deterred from conducting itself in the same way going forward. Based upon its opposition, it's clear that Plaintiff is in denial regarding the manner in which it has proceeded in this matter and would clearly do the same thing all over again.

## **CONCLUSION**

For the reasons set forth above, Movant requests that an Order be entered awarding it damages and legal fees in an amount to be determined at a hearing to be conducted upon the resolution of this motion and all other appropriate relief.

Dated: May 5, 2021
       Long Beach, New York

                                            Respectfully Submitted,
                                            /s/Cory Rosenbaum
                                            Rosenbaum, Famularo & Segall, P.C.
                                            138A East Park Avenue
                                            Long Beach, New York 11561
                                            212.321.5080
                                            cjr@amazonsellerslawyer.com