IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOIS
EASTERN DIVISION

===============================X
SOCLEAN, INC.,

               Plaintiff,

  -against-                             Case No. 1:20-cv-07418

DOES 1-861, et al.

               Defendants.
===============================X

**DEFENDANT, WADE'S AMUSEMENT, LLC'S (DOE 600) MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN ORDER GRANTING IT DAMAGES AND LEGAL FEES PURSUANT FRCP §65(C) AND THE LANHAM ACT 15 U.S.C. §l117(a)**

TABLE OF CONTENTS

Table of Authorities…………………………………………………………………………………..........3

Introduction…………………………………………………………………………………..…………………….4

Statement of Facts………………………………………………………………………………………………….4

Argument:

    I.   Plaintiff is entitled to damages for wrongful enjoinment pursuant to Fed. R. Civ. P. 65(c)…6

        A.  WADE'S AMUSEMENT Has Been *De Jure* Wrongfully Enjoined………………………………………..6

        B.  WADE'S AMUSEMENT Has Been *De Facto* Wrongfully Enjoined…………………………………...7

        C.  WADE'S AMUSEMENT's Damages Should Not Be Capped At The Bonded Amount…………………...8

    II.  WADE'S AMUSEMENT Is Entitled To An Award Of Legal Fees……………...…………….…………........11

        A.  WADE'S AMUSEMENT Is Entitled To Legal Fees Pursuant To 15 U. S. C. §1117(a)……………....…11

            i.  This action is exceptional based upon the totality of the circumstances……….………………………………………………….…….12

            ii.   The circumstances of this case demonstrate the need to advance considerations of compensation and

                              deterrence…………………………………………..………………….…..…12

          iii.    Cases in which the plaintiff can offer no support at all for its claims should be deterred………..……………………………………...……12

          iv.    Victims Of Frivolous Claims Should Be Compensated For The Costs Of Defending Them In An Amount To Be Determined By The Court……………………………………………………………………..….12

   B.   WADE'S AMUSEMENT Is Entitled To Legal Fees Because Plaintiff Has Acted In Bad Faith……...13

III. CONCLUSION……………………………...……………………………………….…14

## TABLE OF AUTHORITIES

Cases

*Diginet, Inc. v. Western Union ATS, Inc.*, 958 F.2d 1388, 1394 (7th Cir. 1992)………………………6

*Coyne-Delany Co. v. Capital Development Board*, 717 F.2d 385, 393-94 (7th Cir. 1983)………………………………………………………………..………………………..6

*Smart Study Co. v. Bichha123*, 20-cv-7889 (JSR) (S.D.N.Y. Dec. 7, 2020)…………………………...6

*B.G. Soft LTD v. BG Soft International, Inc.*, 01-cv-17, 2002 WL 1467744 (E.D.N.Y. 2002)………....6

*Triumph v. Ward*, No. :11 C 7927 (N.D. Ill. Dec. 22, 2011)………………………………………….7

*Coyne-Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois,* 717 F.2d 385, 391 (7th Cir. 1983)……7

*Coyne-Delany Co., supra, citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)*………………....………………………..9

*Overnite Transport. Co. v. Chicago Industrial Tire Co., 697 F.2d 789 (7th Cir. 1983); Mary v. Ramsden, 635 F.2d 590, 603 (7th Cir. 1980)*……………………………………………….....9

*Perichak v. International Union of Electrical Radio Machine Workers, 715 F.2d 78 at 83, 85 (3d Cir. 1983)*……………………………………………………………………………………......9

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 188 L.Ed.2d 816 (2014)……………………………………………………………………………… …..11

*Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)*…11

Statutes

Federal Rule of Civil Procedure 65(c)……………………………………………………….4, 6, 7

15 U. S. C. §1117(a)……………………………………………………………………………………....4, 11

COMES NOW, Defendant. WADE'S AMUSEMENT, LLC (DOE 600), files its Motion

For Damages and Attorney's Fees resulting from an involuntary dismissal with prejudice, and as for grounds, states as follows:

## STATEMENT OF FACTS

Plaintiff's claims against WADE'S AMUSEMENT, LLC. (hereinafter referred to as WADE'S AMUSEMENT or WADE'S) in this matter are based on, *inter alia*, allegations of trademark infringement in violation of the Lanham Act. Prior to serving the Complaint, Plaintiff obtained, *ex parte*, a Temporary Restraining Order ("TRO") freezing WADE'S AMUSEMENT's account on EBay and prohibiting it from selling goods bearing Plaintiff's protected images on WADE'S AMUSEMENT's other internet storefronts. In its Complaint and its application for the TRO, Plaintiff asserted numerous claims that are completely inapplicable relative to WADE'S AMUSEMENT, rendering them false for purposes of the instant application. The TRO ruined WADE'S business. WADE'S is a small American business based in Virginia, owned and operated by a family who bought and sold goods on EBay to make ends meet.

The Court entered an Order awarding Plaintiff $100,000 on default, based on about $3,000 in sales. [DE 48]. The TRO should never have issued against WADE'S, as they are not a Chinese knock-off company, though they were painted as such by Plaintiff. WADE'S is a US based business who has always operated within the law, and the bond provision of TRO's serves the very purpose for which WADE'S make a claim against it, namely, that the bond should pay WADE'S for the damages caused by Plaintiff's misrepresentations to the Court in obtaining the TRO. The SOCLEAN goods purchased and sold by WADE'S were purchased from UPS, United Parcel Service, one of the most reputable companies in America. UPS obtained the SOCLEAN goods as a result of being self-insured, and paying out a claim for lost freight. UPS,

in turn, after paying the claim, owns the goods. There has been no claim that these goods through UPS are not legitimate, and it is highly unlikely that UPS would be involved in the sale of counterfeit goods. But, since WADE'S was not given an opportunity to be heard, they were railroaded based on false representations made to the Court by Plaintiff that resulted in a TRO. Now, WADE'S has suffered damages that amount to the same $100,000 that Plaintiff was awarded at default. Attached hereto is a Declaration for attorneys fees in the amount of $9.665.00 (Exhibit B), and a Declaration from Robert Wade on damages for $100,000.00. (Exhibit A).

Furthermore, Plaintiff named over 861 DOE Defendants, and speaking only for WADE'S AMUSEMENT, LLC, as DOE 600, a TRO was granted, which resulted in WADE'S EBay accounts being suspended and interrupted, resulting in lost sales and profits, lost and diminished business reputation, and the occurrence of attorney's fees, amongst other damages. This case has been dismissed *with prejudice* after Plaintiff failed to adequately oppose WADE's Motion to Set Aside Default [DE 59], by conceding to the Motion, and seeking dismissal without prejudice so Plaintiff could "gather information and proceed in a separate claim." and so "we evaluate our claims." [DE62, pgs. 1 and 4]. WADE'S contends that Plaintiff should have "evaluated its claims" prior to making such radical representations of trademark infringement to the Court, resulting in the most draconian remedy available in a civil proceeding. As a result of Plaintiff failing to properly "evaluate its claims" prior to representing to the Court that WADE'S is such an infringer, lumped in with **860 other Defendants,** WADE'S suffered substantial damages resulting in the unlawful and improperly evaluated claims, and did so *ex parte*, and obtained a TRO that resulted in unwarranted civil punishment to WADE'S.

Among other things, Plaintiff alleged that WADE'S AMUSEMENT is a foreign business

entity with no assets or presence here in the United States other than its internet presence, including EBay.com merchant storefront. Plaintiff also averred that if given notice of the action before being enjoined, WADE'S AMUSEMENT would abscond with whatever meager assets it has in America, thereby escaping justice and the Court's jurisdiction. The only support Plaintiff has proffered for these allegations are rank speculation and broad, generalized claims purportedly based on news reports and white papers related to counterfeiting, none of which are relevant to WADE'S AMUSEMENT. WADE'S is actually an American company, residing in Virginia, and was openly and notoriously so at all times. Had Plaintiff properly "evaluated it claims" before obtaining the TRO, this would have been known and fairly represented to the Court. The burden of doing so is Plaintiff's, though the undertaking must be substantial given that they sued 861 entities or persons.

WADE'S AMUSEMENT has nothing in common, nor any relationship with most, if not all of its Co-Defendants nor does it bear any resemblance to the caricature painted by Plaintiff, all of whose allegations against WADE'S AMUSEMENT are patently false. Not only isn't WADE'S AMUSEMENT a nefarious, foreign entity, but Plaintiff's claims that WADE'S AMUSEMENT violated the Lanham Act are equally false.

Plaintiff's claims regarding WADE'S AMUSEMENT's alleged violation of Plaintiff's intellectual property rights in SoClean filters and products, which WADE'S AMUSEMENT freely admits is protected by Plaintiff's trademark. In fact, had Plaintiff properly "evaluated its claims" against WADE'S, it would have discovered that WADE'S AMUSEMENT purchased the products at issue from authorized re-sellers of Plaintiff's products, and that the re-sale by WADE's is in compliance with the First Sale Doctrine.

Upon information and belief, prior to filing suit against WADE'S AMUSEMENT,

Plaintiff performed no due diligence to determine the truth of its allegations against WADE'S AMUSEMENT, the validity of its claims or the authenticity of the product at issue. Plaintiff did not make a "test buy" of the product in question from WADE'S AMUSEMENT to assess its authenticity. Nor did Plaintiff perform even a perfunctory investigation of WADE'S AMUSEMENT before claiming it was a Chinese business conspiring with others like it to violate Plaintiff's intellectual property rights.

Had Plaintiff done either of these things before hauling WADE'S AMUSEMENT into Federal Court, it would have easily ascertained that WADE'S AMUSEMENT is a domestic LLC with a principal place of business in Virginia. And, that it deals only in authentic products as opposed to being a shady Chinese counterfeiter selling cheap knockoffs.

Thus, when WADE'S sought relief from default (because it was not properly served after being linked with 860 other Defendants from around the world despite being a US based company) Plaintiff conceded that it did not properly "evaluate its claims, and despite Plaintiff asking the Court to dismiss its case *without prejudice*, the Court dismissed the case *with prejudice*. [DE65].

Thus, this is not a case of voluntary dismissal with agreement by the parties to be without prejudice, but rather, is dismissed by the Court with prejudice, and now triggers the relief WADE'S seeks.

## ARGUMENT

### I. Plaintiff is entitled to damages for wrongful enjoinment pursuant to Fed. R. Civ. P. 65(c)

There is no dispute that a party, such as WADE'S AMUSEMENT, is entitled to compensatory damages for the harm sustained due to being wrongfully enjoined at the behest of an adversary, such as Plaintiff. *Diginet, Inc. v. Western Union ATS*, *Inc.*, 958 F.2d 1388, 1394

(7th Cir. 1992); *Coyne-Delany Co. v. Capital Development Board*, 717 F.2d 385, 393-94 (7th Cir. 1983).

### A. WADE'S AMUSEMENT Has Been *De Jure* Wrongfully Enjoined

It is respectfully submitted that this Court should adopt the reasoning applied by its sister Courts in the Eastern and Southern Districts of New York addressing facts substantively identical to those at bar. Those Courts held that plaintiffs should not be allowed to escape Rule 65(c) liability for wrongful enjoinment by abandoning their claims before the enjoined party can even conduct discovery, much less prove its case on the merits.

In *Smart Study Co. v. Bichha123*, 20-cv-7889 (JSR) (S.D.N.Y. Dec. 7, 2020), Judge Rakoff held that "…when the issuance of a TRO is followed by the plaintiff's prompt voluntary withdrawal of the complaint as to a given defendant (other than as part of a settlement), that withdrawal establishes as a matter of law that the defendant was wrongfully enjoined."

In *B.G. Soft LTD v. BG Soft International, Inc.*, 01-cv-17, 2002 WL 1467744 (E.D.N.Y. 2002) the court held that:

> "Although there has been no determination, after a full hearing on the merits, that the defendants had at all times the right to distribute and sell the product at issue, they were deprived of that opportunity by the plaintiff's abandonment of the action. The plaintiff should not be able to escape liability under the bond by its own default."

Here, Plaintiff did exactly what the courts decried in *Smart Study* and *B.G. Soft LTD*: After making baseless claims against the defendants and convincing the respective courts to enjoin them from doing business, the plaintiffs abandoned their cases as soon as their allegations were challenged. Under these circumstances, basic fairness dictates that WADE'S AMUSEMENT should not be required to prove that it was wrongfully enjoined. Instead, Plaintiff should be held liable to WADE'S AMUSEMENT as a matter of law. On either

standard, it is clear that WADE's was wrongfully enjoined simply based on the facts and allegations as alleged, namely, that WADE'S is a foreign Chinese Defendant who is knocking-off its goods. Plaintiff's allegations to the Court was so misleading that the Court entered a TRO against WADE'S based on these representations, and was clearly duped by Plaintiff's false negligent and representations. Simply, Plaintiff never expected WADE'S to make a defense.

### B. WADE'S AMUSEMENT Has Been *De Facto* Wrongfully Enjoined

Plaintiff's statements and actions after the TRO was issued make it abundantly clear that it was patently improper for WADE'S AMUSEMENT to be restrained from conducting business as it otherwise had the right to do. Instead of contesting WADE'S AMUSEMENT's re-sale as inauthentic by providing evidence, either by purchase or by professional examination, Plaintiff merely relied on internet ratings from on-line seller's platforms like EBay. This hardly satisfies a good faith effort to that is required prior to seeking a TRO and being less than candid with the Court regarding its "evaluation" of its claims against WADE's. To this day, Plaintiff has not provided to the Court any evidence that the SoClean goods are inauthentic. Yet, at the time that the TRO was issued by the Court, Plaintiff led the Court to believe that it had met its burden. TRO's are not granted lightly by the Court, but can be when false and misleading information is provided to the Court ex parte. Since the TRO was premised on those same indefensible claims, it is only reasonable to conclude that the injunction never should have been issued.

In *Triumph v. Ward*, No. :11 C 7927 (N.D. Ill. Dec. 22, 2011) this Court recited the circumstances in which an enjoined party is entitled to damages under Rule 65(C):

> "'a prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case.'" *Coyne-Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois*, 717 F.2d 385, 391 (7th Cir. 1983). Such a rule "makes the law more predictable and discourages the seeking of preliminary injunctions on flimsy (though not

> necessarily frivolous) grounds."…In deciding whether to award injunction damages, district courts are guided by the "implicit presumption" in Federal Rule of Civil Procedure ("Rule") 65(c) of awarding them…Additionally, the court should consider, among other factors, the resources of the parties, the defendant's efforts or lack thereof to mitigate his damages, and the outcome of the underlying suit…District courts may not deny costs and damages on an injunction bond on the grounds that the plaintiff brought the suit in good faith.

Here, there is simply nothing Plaintiff can offer in opposition that could overcome the implications of its actions. Therefore, there is no valid reason to deny WADE'S AMUSEMENT the relief it seeks. In fact, as is set forth in greater detail below, Plaintiff's claims against WADE'S AMUSEMENT weren't just flimsy, they were frivolous and made in bad faith.

It is sufficient for this aspect of the Court's determination that: a) Plaintiff is a multi-billion dollar business with vastly greater resources than WADE'S AMUSEMENT; b) WADE'S AMUSEMENT acted immediately to mitigate its damages by seeking relief from the TRO upon learning it had been issued; and c) While WADE'S AMUSEMENT has prevailed by Plaintiff's voluntary dismissal of the case against it and the Court's entering of dismissal with prejudice. Therefore, under the test set out by the 7th Circuit in *Coyne-Delany Co., Inc.* there is simply no credible argument to be made against awarding WADE'S AMUSEMENT damages pursuant to Rule 65(C).

### C. WADE'S AMUSEMENT's Damages Should Not Be Capped At The Bonded Amount

As noted above, Plaintiff's claims against WADE'S AMUSEMENT were not just "flimsy" they were frivolous and made in bad faith. So, WADE'S AMUSEMENT's recovery should not be limited to the bonded amount and is instead entitled to reimbursement for the full amount it lost due to being wrongfully enjoined.

Based upon its voluntary dismissal of the case against WADE'S AMUSEMENT and its actions leading thereto, the only credible conclusion to be reached is that Plaintiff performed no due diligence at all before filing suit against WADE'S AMUSEMENT. Had it done so, Plaintiff would have reached the same conclusions about WADE'S AMUSEMENT before filing suit that it did *after* its claims were challenged. As soon as WADE'S AMUSEMENT put up the slightest resistance, Plaintiff immediately consented to setting aside the default, and moved to dismiss without prejudice because it needed to properly "evaluate its claims" despite having made strong representations to the Court to obtain a TRO.

If, instead of rushing to sue WADE'S AMUSEMENT, Plaintiff conducted a simple test buy or just sent a single cease and desist letter it would have determined pre-suit that WADE'S AMUSEMENT was a reputable seller of authentic products against whom Plaintiff's claims were baseless. Unfortunately, instead of engaging in these most basic efforts to avoid making false allegations and filing frivolous claims, Plaintiff not only sued WADE'S AMUSEMENT but in the course of doing so made wild and salacious claims about it. Importantly, is that these false and salacious allegations were relied upon by the Court to enter a TRO. Duping WADE'S is one thing, duping the Court is beyond our duties and ethical obligations.

If Plaintiff performed a simple internet search or made a single telephone call, it would have determined that WADE'S AMUSEMENT is not a nefarious Chinese business entity engaged in a vast conspiracy with its Co-Defendants to produce and sell counterfeit goods on a massive scale. Instead, Plaintiff would have learned that WADE'S AMUSEMENT is a well-established, reputable American small business owned by a family living in Virginia, not Chinese knock-off artists with whom WADE'S were lumped in with This failure to make even a

token effort to confirm the accuracy of its allegations blatantly violates the rules against filing frivolous claims and is by any measure "bad faith".

The 7th Circuit has held that "bad faith" is demonstrated when a party brings "a frivolous suit — frivolousness connoting not just a lack of merit but so great a lack as to suggest that the suit must have been brought to harass rather than to win." *Coyne-Delany Co.*, *supra, citing Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Overnite Transport. Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789 (7th Cir. 1983); *Mary v. Ramsden*, 635 F.2d 590, 603 (7th Cir. 1980); *Perichak v. International Union of Electrical Radio Machine Workers*, 715 F.2d 78 at 83, 85 (3d Cir. 1983).

Here, everything Plaintiff did supports a finding that it intended to harass WADE'S AMUSEMENT rather than prevail over it on the merits of well-founded claims. First, it made no effort at all to verify its allegations against WADE'S AMUSEMENT before making them. Not a phone call. Not a cease and desist letter. Not a google search. Nothing. Secondly, Plaintiff's acts are anti-competitive and were brought as part of a plan to eliminate 861 businesses from selling SoClean products whether they are authentic or not. At least Plaintiff should have evaluated whether WADE'S products are authentic, but it seems like a burdensome task, especially since they sued 861 Defendants in one fell swoop. To actually evaluate the claims against all, of them is hard and expensive work. It was much easier to sue all of them and see how it plays out and how many are defaulted or pressed into settlement before their claims are heard. Many Defendants will settle just because their EBay accounts are compromised and shut down pending resolution, and they are unable to sell any products at all.

Second, the nature of those allegations were such that they constitute accusations not just of civil wrongs but of criminality which justice requires be made only after substantive efforts to

confirm their truth. Third, Plaintiff had WADE'S AMUSEMENT enjoined despite the fact that none of the allegations made in support of its application for the TRO applied to WADE'S AMUSEMENT. Contrary to what Plaintiff averred to this Court, WADE'S AMUSEMENT is not a foreign business entity with no assets or connections to the United States beyond an untraceable internet storefront. Nor is it likely to abscond with its ill-gotten gains, the profits from its counterfeiting conspiracy back to whence it came. This last is especially unlikely since Plaintiff has never had any proof that WADE'S AMUSEMENT sold counterfeit or infringing goods.

Literally nothing Plaintiff has alleged about WADE'S AMUSEMENT in this matter is true. It neither listed nor sold infringing goods. It is not a foreign business entity. It is not without assets in the United States. It is a legally formed and operated, domestic LLC with its principal (and only) place of business in Virginia. It has no relation to, much less is it in conspiracy with, whatever actual Chinese counterfeiters there may be among its Co-Defendants.

To make matters worse, it would have taken minutes, not hours, for Plaintiff to determine that not a single one of its allegations against WADE'S AMUSEMENT was true. On the contrary, instead of making any effort at all to determine the truth of its claims, Plaintiff chose to engage in scorched earth litigation intended to put WADE'S AMUSEMENT out of business. In doing so, Plaintiff made salacious, defamatory accusations to induce this Court to enjoin WADE'S AMUSEMENT when it knew, or at the very least should have known that not a single one of those accusations was true. This clearly meets the standard for "bad faith" laid down in *Coyne-Delany Co.*, *supra* thereby entitling WADE'S AMUSEMENT to damages in excess of the bonded amount. For the same reasons, WADE'S AMUSEMENT is entitled to be reimbursed for

the legal fees it incurred in defending against Plaintiff's frivolous claims and seeking the damages Plaintiff has caused it to incur.

Attached as Exhibit A is a Declaration detailing WADE's damages, lost sales, profits, and damage to reputation.

## II. WADE'S AMUSEMENT Is Entitled To An Award Of Legal Fees

WADE'S AMUSEMENT has a both a statutory and common law right to recover the legal fees it has incurred in this matter.

### A. WADE'S AMUSEMENT Is Entitled To Legal Fees Pursuant To 15 U. S. C. §1117(a)

Plaintiff should be directed to pay the legal fees incurred by WADE'S AMUSEMENT in defense of this action pursuant to 15 U. S. C. §1117(a) as it is an "exceptional case" pursuant to the United States Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 188 L.Ed.2d 816 (2014). There, the Court held that:

> ''an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. The Court encouraged district courts considering the question to evaluate the totality of the circumstances, considering a wide variety of factors, including ''frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 554 quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

### i. This action is exceptional based upon the totality of the circumstances

It is respectfully submitted that based upon any reasonable, objective evaluation of the circumstances of this matter as they relate to WADE'S AMUSEMENT, it is "exceptional" in that it stands out from other cases of the same type, for numerous reasons set forth in detail above.

Plaintiff's inability to offer even token resistance before voluntarily dismissing its claims against WADE'S AMUSEMENT is proof that it made no effort whatever to verify that those claims were even remotely justified. WADE'S AMUSEMENT compounded its malfeasance in filing its frivolous claims against Plaintiff by repeating them, coupled with even more wild, unsupported allegations in having WADE'S AMUSEMENT wrongfully enjoined. And, that wrongful enjoinment by itself is sufficient to set this case apart from others of its sort.

### ii. The circumstances of this case demonstrate the need to advance considerations of compensation and deterrence

Claims such as Plaintiff's against WADE'S AMUSEMENT are, by any definition, "exceptional" as they have no factual or legal basis and must therefore be deterred. In addition, WADE'S AMUSEMENT was caused to suffer hundreds of thousands of dollars in damages and thousands in legal fees for which it is entitled to compensation.

### iii. Cases in which the plaintiff can offer no support at all for its claims should be deterred.

Simply put, Plaintiff never should have sued WADE'S AMUSEMENT. There is absolutely nothing in the record to support any of the claims against WADE'S AMUSEMENT in the Complaint or the application for the TRO, meaning they're not just exceptional, but frivolous. It's more than reasonable to conclude that if this weren't the case, Plaintiff would have pursued the action when WADE'S AMUSEMENT contested its claims instead of immediately dismissing them. The Court should not permit the destruction of a small family owned company at the behest of Plaintiff, when they have not made a good faith investigation into the allegations asserted.

Litigating in this manner is a complete waste of judicial resources and an unjust abuse of the legal process. It is respectfully submitted that the Court should not

countenance frivolous lawsuits such as this, which must be deterred at every opportunity. For the same reasons, WADE'S AMUSEMENT should be compensated for the resources it was forced to expend defending itself against Plaintiff's frivolous claims.

### iv. Victims Of Frivolous Claims Should Be Compensated For The Costs Of Defending Them In An Amount To Be Determined By The Court

Given ample opportunity, Plaintiff could offer nothing to justify dragging WADE'S AMUSEMENT into federal court, causing it to incur tens of thousands of dollars in fees and hundreds of thousands in damages. It is no accident that none of Plaintiff's allegations against WADE'S AMUSEMENT had any basis at all.

WADE'S AMUSEMENT has spent substantial time and many thousands of dollars building a successful business, complying with the law and selling only authentic products. Contrary to Plaintiff's allegations, WADE'S AMUSEMENT is a respected, well established and successful domestic business based right here in the United States of America. At all times, WADE'S AMUSEMENT has made every effort to ensure that it complied with the law and never violated the intellectual property rights of Plaintiff or any other entity. So, there is simply no justification for Plaintiff's libelous allegations against WADE'S AMUSEMENT.

Since Plaintiff's claims never should have been asserted, WADE'S AMUSEMENT never should have incurred hundreds of thousands of dollars in damages and been forced to pay tens of thousands of dollars in legal fees to defend itself against them. That it was forced to do so because Plaintiff couldn't be bothered to verify its allegations is inherently unfair.

Therefore, in addition to the damages for being wrongfully enjoined, WADE'S AMUSEMENT is entitled to be reimbursed for the legal fees it has incurred defending

itself against Plaintiff's patently frivolous claims. This award should of course include the fees incurred in every aspect of the defense of the case including this motion. Therefore, WADE'S AMUSEMENT submits that the amount of the award should be calculated upon the resolution of this application in Plaintiff's favor so as to include fees incurred replying to Plaintiff's opposition and/or appearing for oral argument.

### B. WADE'S AMUSEMENT Is Entitled To Legal Fees Because Plaintiff Has Acted In Bad Faith.

For the same reasons (set forth above) that WADE'S AMUSEMENT is entitled to damages, it is entitled to legal fees:

> "In the absence of statute, an award of attorney's fees is proper only where the losing party has been guilty of bad faith, as by bringing a frivolous suit — frivolousness connoting not just a lack of merit but so great a lack as to suggest that the suit must have been brought to harass rather than to win. *Coyne-Delany Co. v. Capital Development Board*, 717 F.2d 385, 390 (7th Cir. 1983) (citations omitted).

Therefore, should the Court conclude that WADE'S AMUSEMENT is not entitled to legal fees pursuant to the Lanham Act, Plaintiff should still be ordered to make WADE'S AMUSEMENT whole pursuant to the 7th Circuit's decision.

Attached as Exhibit B is a Declaration pertaining to the attorney's fees expended by WADE'S in support of this Motion.

### III. CONCLUSION

For the reasons set forth above, WADE'S AMUSEMENT requests that an Order be entered awarding it legal fees in an amount to be determined upon the resolution of this motion and all other appropriate relief.

Dated: August 13, 2021                                        Respectfully Submitted,

                                                                             /s/Cory Rosenbaum

                                                        Rosenbaum, Facular & Sewall, P.C.
                                                        138A East Park Avenue
                                                        Long Beach, New York 11561
                                                        212.321.5080
                                                        cjr@amazonsellerslawyer.com

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that a true and correct copy of the foregoing eas filed via ECf, this 17th day of August 2021, and served via email on Kevin J. Keener, Esq., Keener & Associates, P.C. 161 N. Clark Street, Suite #1600 Chicago, IL 60601 at kevin.keener@keenerlegal.com.

                                                                                By: Cory Rosenbaum